. 575 A.2d 664

**Nathaniel TUGGLE, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1990.

Decided May 21, 1990.

228

Marshall L. Grabois, Norristown, for petitioner.

Andrew A. Coates, with him, James S. Marshall, Asst. Counsel, Harrisburg, for respondent.

Before DOYLE and SMITH, JJ., and BARRY, Senior Judge.

SMITH, Judge.

Before this Court is the petition for review filed by Nathaniel Tuggle (Tuggle) from the June 5, 1989 order of

the Department of Public Welfare, Office of Hearings and Appeals (DPW), which adopted the recommendation of the hearing officer dismissing Tuggle's appeal with respect to benefits under the Act of December 8, 1959, P.L. 1718, *as amended*, 61 P.S. §§ 951 and 952 (Act 534). DPW's decision is affirmed.

■ Tuggle, while an employee of Norristown State Hospital (Hospital), was injured by a patient at the hospital on April 16, 1981. As a result of this injury, Tuggle received supplemental benefits under Act 534 until April 24, 1981 when Tuggle was terminated from his position as a Psychiatric Aide I due to misconduct which occurred prior to his work-related injury.[1] The issue before this Court is whether DPW erred in determining that an employee's receipt of Act 534 benefits is contingent upon continued employment.[2]

■ Section 1 of Act 534 states in pertinent part:

Any employe ... of a State mental hospital ... under the Department of Public Welfare, who is injured during the course of his employment by an act of any ... person confined in such institution ... shall be paid, by the Commonwealth of Pennsylvania, his full salary, until the disability arising therefrom no longer prevents his return as an employe of such department, board or institution at a salary equal to that earned by him at the time of his injury.

1. On July 22, 1980, Tuggle received written warning for violation of hospital policy (borrowing money from a patient). On March 25, 1981, Tuggle was suspended from work for not remaining on duty as directed to maintain patient coverage. On April 3 & 9, 1981, Tuggle again violated hospital policy by leaving his ward assignment twice during the same shift without obtaining supervisory permission and taking patients off hospital grounds without permission. Tuggle received written notice of his termination on April 14, 1981.

2. This Court's scope of review requires a determination as to whether the adjudication comports with applicable law, whether its findings are supported by substantial evidence or whether constitutional rights were violated. *Colonial Manor Personal Care Boarding Home v. Pennsylvania Department of Public Welfare*, 121 Pa.Commonwealth Ct. 506, 551 A.2d 347 (1988).

61 P.S. § 951. Although there exists no case law directly on point, an examination of case law applicable to the similar Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. § 637 (Heart and Lung Act) leads this Court to the conclusion that DPW's order must be affirmed.

In *Hasinecz v. Pennsylvania State Police,* 100 Pa.Commonwealth Ct. 622, 515 A.2d 351 (1986), *appeal denied,* 516 Pa. 636, 533 A.2d 94 (1987), claimant became disabled in the course of his employment as a police officer and received heart and lung benefits until he voluntarily retired. Upon learning that his benefits would be terminated at retirement, claimant requested that his retirement be revoked and his benefits reinstated until his doctor permitted him to return for full time duty with the police force. The request was denied. Claimant thereafter requested a hearing to determine his right to receive heart and lung benefits during the period following his retirement. That request was also denied. This Court held that whether claimant was entitled to Heart and Lung Act benefits depended upon whether he met the criteria as set forth in the statute establishing the right to such benefits. Section 1 of the Heart and Lung Act, 53 P.S. § 637, reads in pertinent part:

[a]ny member of the State Police Force, ... who is injured in the performance of his duties ... and ... is temporarily incapacitated from performing his duties, shall be paid by the Commonwealth of Pennsylvania *if a member of a State Police Force* ... until the disability arising therefrom has ceased. (Emphasis added.)

The clear language of the statute makes entitlement to benefits contingent upon membership in the police force; and there is no indication that former members are entitled to benefits.

Similarly, in the case at bar, Section 1 of Act 534 permits an employee of a state mental hospital to be paid his or her full salary until the disability no longer prevents the employee's return to that institution. The words of the statute make clear that entitlement to benefits is contingent upon

returning as an employee once the employee's injuries cease to exist.[3] In the present case, Tuggle was removed from his position for conduct which occurred prior to the injury. Thus, Tuggle has no position to which he may return, and therefore, he is not entitled to continued benefits after his removal from employment. The logical interpretation of Act 534 compels the conclusion that receipt of benefits is contingent upon continued employment.

Accordingly, the order of the Department of Public Welfare, Office of Hearings and Appeals, is affirmed.

## ORDER

AND NOW, this 21st day of May, 1990, the order of the Department of Public Welfare, Office of Hearings and Appeals, is affirmed.

---

**3.** Furthermore, Section 1921(a), (b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a), (b) provides in pertinent part:
  (a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.
  (b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.