Daniel DeJOHN, Petitioner,

v.

DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted March 13, 1995.

Decided April 13, 1995.

Norman J. Barilla, for petitioner.

Jeffrey P. Schmoyer, Asst. Counsel, for respondent.

Before McGINLEY and KELLEY, JJ., and SILVESTRI, Senior Judge.

McGINLEY, Judge.

Daniel DeJohn petitions for review from the March 30, 1994, order of the Department of Public Welfare, Office of Hearings and Appeals (DPW) which adopted the recommendation of the hearing officer denying DeJohn's appeal with respect to benefits under

the Act of December 8, 1959, P.L. 1718, *as amended,* 61 P.S. §§ 951–952 (Act 534). We affirm DPW's decision.

From June 27, 1990, through June 21, 1991, DeJohn was employed as a substitute youth development aide (YDA) at the New Castle Youth Development Center (YDC). DeJohn was hired to a limited term position to last for approximately six months. On January 5, 1991, DeJohn was injured while acting in the normal course of his duties as a YDA when breaking up a fight between residents. DeJohn went on disability leave as a result of his injury and received Act 534 benefits.

By letter dated May 30, 1991, YDC terminated DeJohn's employment due to the temporary nature of his position effective June 21, 1991. Consequently, his Act 534 benefits were discontinued.[1] On July 30, 1991, the State Civil Service Commission (SCSC) notified DeJohn that DPW was removing him from their certification list for the position of YDA. SCSC gave him until August 6, 1991, to respond. DeJohn did not appeal this removal but, by letter dated November 4, 1992, DeJohn appealed the discontinuance of Act 534 benefits to DPW. By order dated March 30, 1994, DPW adopted the recommendation of the hearing officer denying DeJohn's appeal. DeJohn filed a petition for review of that order with this Court.

 The sole issue for our consideration is whether DeJohn's entitlement to Act 534 benefits ceased upon his termination from employment at YDC.[2] DeJohn asserts that DPW erred by finding that he did not achieve regular employee status. He argues that if an employee is a "regular employee" as defined by the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71

P.S. § 741.3, he or she shall not be removed except for just cause. *See* Section 807 of the Civil Service Act, 71 P.S. § 741.807. A "regular employe" is defined as "an employe who has been appointed to a position in the classified service in accordance with this act after completing his probationary period." Section 3(k) of the Civil Service Act, 71 P.S. § 741.3(k). DeJohn contends that he was a "regular employee" because he completed the probationary period mandated by Section 603 of the Civil Service Act, 71 P.S. § 741.603 which provides that "the employe shall at the completion of the probationary period become a classified service employe...."

DeJohn asserts that because he was a "regular employee" YDC must establish just cause for his termination and that since YDC was not required to prove just cause his Act 534 benefits were prematurely terminated. DeJohn cites *Sullivan v. Commonwealth, Department of Transportation,* 65 Pa.Commonwealth Ct. 382, 442 A.2d 416 (1982), to support the proposition that his status as a temporary employee does not effect his standing to appeal his termination. However, in *Sullivan* the petitioners were never permanently separated from classified service. Their layoffs were allegedly furloughs[3] which are temporary separations. By contrast, YDC completely terminated DeJohn's position. This was not a temporary separation akin to a furlough.

In *Sullivan* we were deciding whether petitioners who were regular employees and had contested the termination of their employment, were eligible to have their appeals heard. From the record it appears that DeJohn did not appeal his removal, or otherwise challenge his termination from employment with YDC.[4] YDC was never required to

---

1. The hearing officer found that DeJohn received continuing Workers' Compensation benefits.

2. This Court's scope of review is to determine whether the adjudication comports with applicable law, whether findings of fact are supported by substantial evidence or whether constitutional rights were violated. *Colonial Manor Personal Care Boarding Home v. Commonwealth, Department of Public Welfare,* 121 Pa.Commonwealth Ct. 506, 551 A.2d 347 (1988), *appeal denied,* 524 Pa. 631, 574 A.2d 72 (1990).

3. Section 3(s) of the Civil Service Act, 71 P.S. § 741.3(s), defines "furlough" as "the termination of employment because of lack of funds or of work."

4. DeJohn contends that he initiated an appeal of his termination to SCSC. He attached a copy of a letter marked as Exhibit "A" to his brief as proof of such appeal. Exhibit "A" does not constitute the initiation of an appeal of DeJohn's termination. It is the November 4, 1992, letter to DPW requesting the continuation of Act 534 benefits, or in the alternative a hearing regarding

prove just cause for removal because DeJohn never disputed the expiration of his temporary position with YDC. DeJohn essentially asks us to continue his Act 534 benefits pending an appeal which he has failed to take.

■ DeJohn contends that until YDC meets its burden of establishing just cause for removal, he is qualified to receive Act 534 benefits. A state employee who is not afforded a due process hearing prior to the termination of Act 534 benefits is entitled to the restoration of benefits from the date of termination to the date of the order disposing of employee's appeal. *Mihok v. Department of Public Welfare,* 135 Pa.Commonwealth Ct. 265, 580 A.2d 905 (1990). DPW discontinued DeJohn's Act 534 benefits and after a hearing DeJohn appealed to us. DeJohn, however, did not appeal his termination from employment and no hearing concentrating on just cause for his removal took place. SCSC's July 30, 1991, letter to DeJohn contained adequate notice to afford him sufficient opportunity to contest his removal, but DeJohn's termination from employment was not appealed.

■ We have previously held that an employee's receipt of Act 534 benefits is contingent upon continued employment. *Tuggle v. Commonwealth, Department of Public Welfare,* 133 Pa.Commonwealth Ct. 227, 231, 575 A.2d 664, 666 (1990), *appeal denied,* 527 Pa. 659, 593 A.2d 429 (1991). We now hold that an employee is not entitled to receive Act 534 benefits after termination from temporary civil service employment where that employee did not seek a determination to challenge the just cause for his separation. Nothing in the Civil Service Act requires that an appointing authority retain an employee on disability pending final disposition of outstanding claims. *Mihok v. Department of Public Welfare, Woodville State Hospital,* 147 Pa.Commonwealth Ct. 344, 350, 607 A.2d 846, 849 (1992). We will not grant a continuation of benefits indefinitely. Since DeJohn did not appeal his removal he has no out-

standing claim and even if an appeal was pending such a plea would not justify his retention of 534 benefits.

Section 1 of Act 534 states in pertinent part:

[A]ny employe of a ... Youth Development Center under the Department of Public Welfare, who is injured during the course of his employment by an act of ... any person confined in such institution ... shall be paid, by the Commonwealth of Pennsylvania, his full salary, until *the disability* arising therefrom *no longer prevents his return* as an employe of such department, board or institution at a salary equal to that earned by him at the time of his injury. (Emphasis added.) 61 P.S. § 951.

DeJohn's entitlement to Act 534 benefits ended when his position at YDC was terminated. He is no longer prevented from returning as an employee because of his disability; he is prevented from returning because his temporary position with YDC expired.

We agree with DeJohn that Section 807 of the Civil Service Act, 71 P.S. § 741.807, provides that no "regular employee" shall be *removed* except for just cause. More precisely, a "removal" as defined by Section 3(v) of the Civil Service Act, 71 P.S. § 741.3(v), is "the permanent separation from the classified service of an employe who has been *permanently* appointed." (Emphasis added). DeJohn, throughout the course of his employment with YDC, was a temporary employee. Under the Civil Service Act an employee can be in the classified service and hold a position that is merely temporary. *See* Section 3(i) of the Civil Service Act, 71 P.S. § 701.3(i). DeJohn was a regular employee in the sense that he was no longer a probationary employee but he never became a "permanent" appointee. A "permanent position" is defined under Section 3 of the Civil Service Act, 71 P.S. § 741.3(h) as "a position in the classified service which is likely to be needed continuously for a period of six

his entitlement to Act 534 benefits. Nowhere in Exhibit "A" does DeJohn allege he was not removed for just cause nor does he seek redress

from SCSC, DPW or any other agency regarding his removal from employment at YDC.

months or more." DeJohn was hired in a substitute position which was to last for approximately six months. This was not a "permanent position" as defined by the Civil Service Act.

"The logical interpretation of Act 534 compels the conclusion that receipt of benefits is contingent upon continued employment." *Tuggle,* 133 Pa.Commonwealth Ct. at 231, 575 A.2d at 666. DeJohn's employment ceased when his temporary position with YDC expired, thus ending his entitlement to Act 534 benefits. Because DeJohn failed to appeal his termination YDC is not required to prove just cause for his removal. We affirm DPW's decision.

### *ORDER*

AND NOW, this 13th day of April, 1995, the order of the Department of Welfare, Office of Hearings and Appeals, in the above-captioned matter is affirmed.