**Joan McWREATH, Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 8, 2011.

Decided Aug. 19, 2011.

Falconiero & Company, LLP. C.R. Exhibit # 14A.

Eric P. Betzner, Washington, for petitioner.

Jeffrey P. Schmoyer, Pittsburgh, for respondent.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and BROBSON, Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY President Judge LEADBETTER.

Joan McWreath petitions for review of the final order of the Secretary of the Department of Public Welfare (Department) upholding the decision of the Bureau of Hearings and Appeals (Bureau) to terminate McWreath's benefits under Section 1 of the Act of December 8, 1959, P.L. 1718, commonly known as Act 534, *as amended*, 61 P.S. § 951, for injuries sustained in the course of her employment with Mayview State Hospital, a state mental hospital. In her adjudication, adopted by the Bureau, the Administrative Law Judge (ALJ) determined that McWreath was still an employee for the purpose of her eligibility for Act 534 benefits although she was furloughed due to the closing of the hospital. The ALJ further determined that she was, however, ineligible for Act 534 benefits because her disability was permanent, rather than temporary. Because the ALJ and the Bureau misconstrued Act 534 in terminating McWreath's benefits, we reverse the Secretary's order.

## I.

The relevant facts are undisputed. McWreath began her employment with the Department in 1986 as a registered nurse, a "regular" civil service position,[1] at Mayview State Hospital and was a member of the Service Employees International Union, District 1199P. In April 1992, she sustained injuries when she was assaulted by a patient at the hospital. She thereafter received benefits under Section 1 of Act 534, which provides in relevant part:

> [A]ny employe of a State mental hospital or Youth Development Center under the Department of Public Welfare, who is injured during the course of his employment by an act of ... any person confined in such institution or by any person who has been committed to such institution by any court of the Commonwealth of Pennsylvania or by any provision of the "Mental Health Act" ... shall be paid, by the Commonwealth of Pennsylvania, *his full salary, until the disability arising therefrom no longer prevents his return as an employe of such department ... or institution at a*

---

1. Section 3(k) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. § 741.3(k), defines a "regular employe" as "an employe who has been appointed to a position in the classified service ... after completing his probationary period." Positions in the "classified service" include "[a]ll positions ... in the Department of Public Welfare, ... excluding positions in the general hospitals not otherwise included in the classified service." Section 3(d)(1) of the Civil Service Act.

*salary equal to that earned by him at the time of his injury.*

All medical and hospital expenses incurred in connection with any such injury shall be paid by the Commonwealth of Pennsylvania *until the disability arising from such injury no longer prevents his return as an employe of such department . . . or institution at a salary equal to that earned by him at the time of his injury.*

During the time salary for *such disability* shall be paid by the Commonwealth of Pennsylvania any workmen's compensation received or collected for such period shall be turned over to the Commonwealth and paid into the General Fund, and if such payment shall not be so made, the amount so due the Commonwealth shall be deducted from any salary then or thereafter becoming due and owing. [Emphasis added.] [2]

On January 5, 2009, the Department notified McWreath that she would be furloughed from her current position as of January 20, 2009 due to the closing of Mayview State Hospital. The Department informed her that it would request an administrative hearing to determine whether she was entitled to continue to receive Act 534 benefits after the furlough. *See Squire v. Pa. Dep't of Pub. Welfare,* 696 A.2d 255 (Pa.Cmwlth.1997) (holding that Act 534 benefits cannot be terminated without a due process hearing). The Department furloughed her on January 20, 2009 and placed her on a three-year recall list pursuant to the collective bargaining agreement (CBA).[3]

At a hearing held before the ALJ on July 15, 2009, the Department sought to terminate Act 534 benefits of McWreath and three other furloughed employees. In the Stipulation of Facts submitted to the ALJ, the parties agreed that all of the four employees "continued to be medically disabled from returning to their regular, full-duty Mayview positions" and met "the 'disability' criteria for Act 534 eligibility—i.e., they all have disabling injuries caused by acts of patients that *medically prevent[ed] them from performing the duties of their time-of-injury Mayview positions.*" Stipulation of Facts, ¶¶ 3 and 5; Reproduced Record (R.R.) at 8a (emphasis added). The Department argued that McWreath was no longer eligible for Act 534 benefits because the furlough ended her employment relationship with the Department and that her benefits could resume upon a recall to a position with the Department. McWreath disputed the Department's position, arguing that the furlough only temporarily separated her from employment and that she should continue to receive benefits during the recall period.

2. The Act, as originally enacted in 1959, covered only employees of state penal and correctional institutions and was commonly referred to as Act 632. In 1961, the Legislature amended Section 1 of Act 632 and extended benefits to employees of state mental hospitals, youth development centers and county boards of assistance, and employees of the Department who have been assigned to or have volunteered to join the firefighting force of the Department's institutions. The Act, as amended in 1961, is commonly known as Act 534. Act 534 was repealed by Section 11(d) of the Act of August 11, 2009, P.L. 147, effective October 13, 2009, to the extent that it covered employees of state correctional institutions. Benefits of those employees are now provided in Section 1101 of the Prisons and Parole Code, 61 Pa.C.S. § 1101.

3. A "furlough" is defined as "the termination of employment because of lack of funds or of work." Section 3(s) of the Civil Service Act. Furloughed employees have the right to return "to any class and civil service status which was previously held" or "to any class and civil service status in the same or lower grade" if they meet certain conditions. Section 802(b) of the Civil Service Act, 71 P.S. § 741.802(b).

The ALJ concluded that despite the furlough, McWreath was an employee for the purpose of her eligibility for Act 534 benefits. The ALJ cited Section 801 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.801, providing that "[a]n employe may be temporarily separated from the classified service through furlough, leave of absence or suspension and may be permanently separated through rejection on probation, retirement, resignation or removal." The ALJ distinguished furloughed employees with a recall right from employees permanently separated from employment by resignation, retirement or removal. The ALJ also noted that a furlough was not a break in service under the CBA. The ALJ concluded that "[t]he furloughed employee's employment relationship is maintained, but held in abeyance due to an employer's lack of work or financial resources" and that providing Act 534 benefits to McWreath during the recall period was consistent with the purpose of Act 534. ALJ's Adjudication at 9.

The ALJ further concluded that McWreath, however, was ineligible for Act 534 benefits because her disability was permanent, relying on McWreath's testimony that "[i]t's been 17 years that I've been deemed permanently disabled." Notes of Testimony at 82; R.R. at 205a. In support, the ALJ cited *Cunningham v. Pennsylvania State Police,* 510 Pa. 74, 507 A.2d 40 (1986), in which the Supreme Court held that the state police officer who was deemed permanently disabled due to a work injury was not entitled to benefits under Section 1(a) of the Act of June 28, 1935, P.L. 477, commonly known as the Heart and Lung Act, *as amended,* 53 P.S. § 637(a). Section 1(a) of the Heart and Lung Act provides in relevant part:

> Any member of the State Police Force ... who is injured in the performance of his duties ... and by reason thereof is *temporarily incapacitated* from performing his duties ... shall be paid by the Commonwealth of Pennsylvania *if a member of the State Police Force* ... his full rate of salary ... until the disability arising therefrom has ceased. [Emphasis added.]

The ALJ also cited *Roman v. Department of Corrections,* 808 A.2d 304 (Pa.Cmwlth. 2002), in which this Court stated, relying on *Cunningham,* that a permanently disabled employee is ineligible for Act 534 benefits. The ALJ accordingly recommended termination of McWreath's benefits.

Adopting the ALJ's adjudication in its entirety, the Bureau terminated McWreath's Act 534 benefits. McWreath filed an application for reconsideration, and the Department filed a response arguing that *Roman* supported the Bureau's decision. The Department later informed the Secretary that it was withdrawing its position that McWreath was ineligible for Act 534 benefits due to the permanency of her disability. It reiterated that she was ineligible to receive Act 534 benefits because the furlough terminated her employment relationship with the Department. The Secretary subsequently issued a final order upholding the Bureau's decision. McWreath's appeal to this Court followed.

## II.

The purpose of Act 534, as well as the Heart and Lung Act, is to assure those undertaking dangerous employment in certain institutions that they will continue to receive full income when they are injured while performing their duties; by offering such assurance, the Commonwealth can attract employees to and keep them in the essential and dangerous jobs. *Cunningham; Mihok v. Dep't of Pub. Welfare,* 670 A.2d 227 (Pa.Cmwlth.1996). Act

534, however, is intended to supplement, not to replace, workers' compensation and occupational disease benefits. *Mirarchi v. Dep't of Corr.*, 811 A.2d 1096 (Pa.Cmwlth. 2002).

McWreath argues that the Bureau improperly terminated her benefits on the basis that her disability was permanent. She maintains that Section 1 of Act 534 grants benefits until work-related "disability," whether temporary or permanent, no longer prevents her from returning to work. In the alternative, she argues that the Department failed to establish by medical evidence that her disability was permanent. The Department agrees with McWreath that her benefits cannot be terminated based on the permanency of her disability. Asserting that the *Roman* Court mistakenly intermingled the provisions of Act 534 and the Heart and Lung Act, the Department asks us to clarify the correct criteria to be applied to terminate Act 534 benefits.

In *Roman,* the Court affirmed the Department's denial of the request for a hearing made by a claimant who had been discharged for misconduct, rejecting her argument that the employer must provide her notice and a hearing before terminating her Act 534 benefits. The Court additionally stated:

> Generally, after benefits have been granted to an employee under Act 632 [or Act 534], the employer may not terminate benefits until it proves that: 1) the claimant is able to return to work because his work-related disability has ceased or 2) the claimant's disability has been determined to be *permanent rather than temporary....*
>
> ... If an employee's injury is found to be "permanent" rather than temporary, that employee should not continue to receive benefits under Act 632 [or Act

534] but should properly receive workers' compensation benefits.

*Roman,* 808 A.2d at 308 (citation omitted). In support, the *Roman* Court cited two cases decided under the Heart and Lung Act, *Cunningham* and *Williams v. Department of Corrections,* 164 Pa.Cmwlth. 224, 642 A.2d 608 (1994).

In *Cunningham,* the Pennsylvania State Police sought to terminate an officer's Heart and Lung Act benefits, alleging that his work-related disability became permanent. The uncontradicted medical evidence showed that the officer was partially disabled due to the work-related injury, with his disability persisting for 595 days, and that the prognosis for his condition was not favorable. The Supreme Court held:

> [T]he [Heart and Lung] Act was intended to cover only those disabilities where the injured employees were expected to recover and return to their positions in the foreseeable future.... Where a disability is of indeterminate duration and recovery is not projected in the foreseeable future, it cannot be deemed "temporary" within the meaning of the Act. The Commonwealth has no obligation to provide compensation or to pay medical bills for permanent incapacity....
>
> ....
>
> ... *The controlling statutory language is "temporarily incapacitated from performing his duties."*
>
> ... The Act was never intended to replace those forms of compensation available [*i.e.,* workers' compensation and occupational disease benefits] ... when it is demonstrated that the individual will never be able to substantially perform all the required duties of his or her job.... An individual, such as appellee, who suffers a forty percent permanent partial disability to his lower back can-

not ... perform the duties of a state policeman.

*Cunningham,* 510 Pa. at 81, 86, 507 A.2d at 44, 46–47 (citation and footnote omitted). Relying on *Cunningham,* this Court stated in *Williams* that Heart and Lung Act benefits can be terminated when an employee's disability has been determined to be permanent.

The Court's statement in *Roman* that Act 534 benefits can be terminated based on the permanency of the disability was unnecessary to resolve the issue of whether the employee was entitled to notice and a hearing before termination of Act 534 benefits. The Court's statement is, therefore, merely *dicta* and is not binding in resolving the issue in this case. *See Rendell v. Pa. State Ethics Comm'n,* 603 Pa. 292, 302, 983 A.2d 708, 714 (2009) (any statement in a court's opinion which is "ancillary and, ultimately, unnecessary to the resolution of the controversy" is not decisional and is merely non-binding *dicta* ).

 To resolve the issue of whether Act 534 benefits of a permanently disabled employee can be terminated, the language in Section 1 of Act 534 must be examined. The object of statutory interpretation is to ascertain and effectuate legislative intent. Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a). The best indication of legislative intent is the plain language of the statute. *W. Penn Allegheny Health Sys. v. Med. Care Availability & Reduction of Error Fund,* 11 A.3d 598 (Pa.Cmwlth.2010), *aff'd,* —— Pa. ——, 23 A.3d 1052 (2011). The Bureau's interpretation of Section 1 of Act 534 is entitled to deference, only if it is not clearly erroneous. *Riverwalk Casino, L.P. v. Pa. Gaming Control Bd.,* 592 Pa. 505, 926

A.2d 926 (2007); *Bayada Nurses, Inc. v. Dep't of Labor & Indus.,* 958 A.2d 1050 (Pa.Cmwlth.2008), *aff'd,* 607 Pa. 527, 8 A.3d 866 (2010).[4]

The statement in *Roman* that Act 534 grants benefits only for temporary disability is not supported by the plain language of Section 1 of Act 534, granting benefits "until *the disability* ... no longer prevents his return as an employe of such department ... at a salary equal to that earned by him at the time of his injury." (Emphasis added.) Unlike Section 1(a) of the Heart and Lung Act, Section 1 of Act 534 "makes no distinction between temporary and permanent disability" and provides "no time limitation on receipt of benefits" in providing "extraordinary benefits." *Lightcap v. Dep't of Pub. Welfare,* 107 Pa.Cmwlth. 98, 527 A.2d 1087, 1090 (1987). The effect of termination of Act 534 benefits "is that a claimant has fully recovered from [his or] her work-related injury." *DePaolo v. Dep't of Pub. Welfare,* 865 A.2d 299, 304 (Pa.Cmwlth.2005). As long as "the employee cannot return to work with the Department, Act 632 [and Act 534] benefits continue." *Dep't of Corr. v. Workers' Comp. Appeal Bd. (Wagner–Stover),* 6 A.3d 603, 613 n. 18 (Pa.Cmwlth.2010), *appeal denied,* —— Pa. ——, 23 A.3d 1057 (No. 927 MAL 2010, filed June 16, 2011). Under Section 1 of Act 534, therefore, the employee may receive "potentially lifetime compensation for lost wages caused by a work injury." *Id.* at 613.

 By interpreting Section 1 of Act 534 as granting benefits only to temporarily disabled employees, the Bureau impermissibly added the word "temporary" before "disability" in Section 1 of Act 534 when the Legislature chose not to do so, in violation of the well-established statutory

4. Our review of the Secretary's order is plenary where, as here, the dispute involves only a proper statutory construction. *Stanish v.* *Workers' Comp. Appeal Bd. (James J. Anderson Constr. Co.),* 11 A.3d 569 (Pa.Cmwlth.2010).

construction rule that words omitted by the Legislature may not be supplied as a means of interpreting a statute. *Rogele, Inc. v. Workers' Comp. Appeal Bd. (Mattson)*, 969 A.2d 634 (Pa.Cmwlth.2009). We hold that an employee is entitled to Act 534 benefits as long as work-related "disability," whether temporary or permanent, prevents him or her from performing duties of a position with the employer at a pre-injury salary.

As the party seeking to terminate McWreath's Act 534 benefits, the Department had the burden of satisfying the criteria set forth in Section 1 of Act 534. *Wertz v. Dep't of Corr.*, 148 Pa.Cmwlth. 133, 609 A.2d 899 (1992). The parties stipulated that McWreath's disability prevented her from performing the duties of the pre-injury position, which satisfied the "disability" criteria for Act 534 benefits. R.R. at 8a. Ignoring the Department's basis for seeking termination of benefits and the parties' stipulation, the Bureau improperly terminated McWreath's benefits, relying on her isolated and irrelevant lay testimony that the Department had not offered her a position because her disability had been deemed permanent.

### III.

■■■ The Department argues that the Secretary's final order should still be affirmed because it correctly upheld the termination of McWreath's Act 534 benefits although the basis for the termination was incorrect.[5] The Department maintains that McWreath was ineligible for Act 534 benefits because her employment relationship with the Department ended when she was furloughed. To support its argument, the Department cites *Tuggle v. Department of Public Welfare*, 133 Pa.Cmwlth. 227, 575 A.2d 664 (1990), and *DeJohn v. Department of Public Welfare*, 657 A.2d 1017 (Pa.Cmwlth.1995).[6]

In *Tuggle*, this Court upheld the denial of Act 534 benefits to an employee of the state mental hospital, who had been removed from his position for misconduct, stating that "receipt of benefits is contingent upon continued employment." *Tuggle*, 575 A.2d at 666. In support, the Court relied on *Hasinecz v. Pennsylvania State Police*, 100 Pa.Cmwlth. 622, 515 A.2d 351 (1986), which held that a former member of the police force was ineligible for Heart and Lung Act benefits because entitlement to benefits was contingent upon membership in the police force. In *DeJohn*, this Court relied on *Tuggle* to conclude that a temporary employee was not entitled to Act 534 benefits when his temporary position was terminated.

---

**5.** *See Mazzitti & Sullivan Counseling Servs. v. Dep't of Pub. Welfare*, 7 A.3d 875 (Pa.Cmwlth. 2010), *appeal denied*, —— Pa. ——, 23 A.3d 543 (No. 18 MAL 2011, filed June 7, 2011) (this Court may affirm a final order of the Secretary where the Secretary reached a correct result based on an incorrect basis, if a correct basis for the result is apparent on the record).

**6.** The Department alternatively argues that this matter should be remanded to the Secretary to decide the issue of whether McWreath is eligible for benefits despite the furlough. Remand is unnecessary because the ALJ considered and extensively discussed the issue in her adjudication adopted by the Bureau. In her reply brief, McWreath argues that the Department has waived the issue due to its failure to cross-appeal the Secretary's final order. However, only an aggrieved party has standing to appeal the order. *Wheeler v. Workers' Comp. Appeal Bd. (Reading Hosp. & Med. Ctr.)*, 829 A.2d 730 (Pa.Cmwlth.2003). The Department was not an aggrieved party because the Secretary's final order upheld the termination of McWreath's benefits sought by the Department. An appellee is not required to file a cross-appeal for the sole purpose of preserving issues ruled against the appellee, as long as the appellee obtained the relief sought. *Id.*; Note to Pa. R.A.P. 511.

■ Pursuant to Section 1928(a) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1928(a), "[t]he rule that statutes in derogation of the common law are to be strictly construed, shall have no application to the statutes ... enacted finally after September 1, 1937." Because Act 534 was enacted in 1959 in derogation of the common law, its provisions must "be liberally construed to effect [its] objects and to promote justice." 1 Pa.C.S. § 1928(c).[7] This Court has followed the liberal construction rule in interpreting Act 534. *See, e.g., Hardiman v. Dep't of Pub. Welfare, Woodville State Hosp.,* 121 Pa. Cmwlth. 120, 550 A.2d 590 (1988) (holding that the Legislature did not intend to permit withholding of Act 534 benefits pending a determination of eligibility for benefits); *Krug v. Dep't of Pub. Welfare,* 9 Pa.Cmwlth. 563, 308 A.2d 168 (1973) (holding that intent to deliberately harm an employee was irrelevant to her eligibility for Act 534 benefits).

Although both the Heart and Lung Act and Act 534 serve the same purpose of providing full salary to employees of certain agencies when they sustain a work-related injury, each statute sets forth different requirements for benefit eligibility. Under Section 1 of the Heart and Lung Act, an employee, "if a member of" the enumerated law enforcement agencies, are paid a full rate of salary until temporary disability has ceased. Thus, membership in the law enforcement agency is a prerequisite to the eligibility for Heart and Lung Act benefits. *Hasinecz. See also Camaione v. Borough of Latrobe,* 523 Pa. 363, 567 A.2d 638 (1989) (a borough police officer was no longer in the group of employees covered by the Heart and Lung Act after he involuntarily retired pursuant to Section 1190 of The Borough Code, Act of

February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. § 46190); *White v. W. Norriton Twp.,* 158 Pa.Super. 375, 45 A.2d 401 (1946) (a former police officer dismissed from the police force was not entitled to Heart and Lung Act benefits). By contrasts, Act 534 benefits are paid "until the disability ... no longer prevents his return as an employe of such department ... at a salary equal to that earned by him at the time of his injury." Section 1 of Act 534 does not require injured employees to have current membership in the work force to be eligible for benefits, as in Section 1(a) of the Heart and Lung Act.

■ Under the plain language of Section 1 of Act 534, an employee is entitled to Act 534 benefits as long as work-related "disability" prevents the employee's return as the Department's employee at the pre-injury salary. Section 1, however, does not require actual availability of a position with the Department for the eligibility for benefits. As this Court has stated, "the Department must ... show that it offered the claimant a job at her pre-injury salary before it can terminate Act 632 [or Act 534] benefits." *Wagner–Stover,* 6 A.3d at 612. Accordingly, the phrase "as an employe" in Section 1 of Act 534 must be construed to mean the employee's capability to perform duties of a position with the employer paying the pre-injury salary, regardless of the availability of such position.

■ When Section 1 of Act 534 is so construed, the disabled employee's eligibility for Act 534 benefits is not affected by any event beyond the disabled employee's control, such as a furlough due to closing of a facility. Our interpretation is consistent with the remedial nature and purpose of Act 534 granting full salary during the period of work-related disability. The

---

7. On the other hand, the Heart and Lung Act enacted in 1935 must be strictly construed. 1

Pa.C.S. § 1928(b)(8); *Cresci v. Pa. State Police,* 862 A.2d 726 (Pa.Cmwlth.2004).

*Tuggle* and *DeJohn* holdings requiring the employee's continued employment for benefit eligibility should be limited to the specific facts in that case. Only when the employee has forfeited an employment status by his or her own action, such as resignation, retirement or removal for misconduct as in *Tuggle,* or when a temporary position is terminated as in *DeJohn,* the employee is no longer entitled to Act 534 benefits. To the extent that *Tuggle* and *DeJohn* may imply a broader application, we disavow such application.

The parties stipulated that McWreath's disability prevented her from performing the duties of her pre-injury position. R.R. at 8a. Under the stipulation, McWreath cannot return to work due to her current disability, even if the Department recalls her to a position. Hence, she is entitled to continue to receive Act 534 benefits until such time when her disability no longer prevents her from performing the duties of a position with the Department at her pre-injury salary, even beyond the three-year recall period.

Accordingly, the Secretary's final order is reversed.

Judge BUTLER dissents.

## ORDER

AND NOW, this 19th day of August, 2011, the final order of the Secretary of the Department of Public Welfare in the above-captioned matter is REVERSED.