# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan Motzer,             :
          Petitioner       :
                                :
        v.                   :    No. 397 C.D. 2022
                                :    Submitted: September 16, 2022
Commonwealth of Pennsylvania    :
(Workers' Compensation Appeal     :
Board),                              :
           Respondent     :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                            FILED: December 29, 2022

       Susan Motzer (Claimant) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ). The WCJ granted a petition to modify compensation benefits filed by the Commonwealth of Pennsylvania (Employer). In this appeal, Claimant challenges as unconstitutional the retroactive application of Act 111,[1] which altered the criteria for modification of a claimant's benefits based on the results of an impairment rating evaluation (IRE). Upon review, this case is controlled by *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Co.)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021), in which this Court previously rejected similar claims. Thus, we affirm.

---

[1] Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Act 111 repealed Section 306(a.2) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, and added Section 306(a.3), 77 P.S. § 511.3.

# I. BACKGROUND

On December 2, 1998, Claimant suffered a work-related injury to her knee. Claimant received total disability payments at the rate of $295.41 per week. On October 21, 2020, Employer filed a modification petition alleging that Claimant's benefit status must be modified to partial based upon an IRE by Dr. Jeffrey Moldovan.[2] The WCJ held a hearing, at which Employer introduced the testimony of Dr. Moldovan and the IRE, which stated that Claimant had a whole-body impairment rating of 8% and that she had reached maximum medical improvement (MMI). Notes of Testimony (N.T.) Moldovan Dep., 4/28/21, at 25. Dr. Moldovan performed the IRE under the Sixth Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides). *Id.* Claimant did not present any testimony and stated that she would only be challenging the constitutionality of Act 111. N.T. Hr'g, 3/18/21, at 5-6.[3]

The WCJ held that Employer established that Claimant had reached

---

[2] The record was sparse, but Dr. Moldovan testified that Claimant had multiple knee surgeries between 1999 and 2014. Notes of Testimony (N.T.) Moldovan Dep., 4/28/21, at 16-18. Claimant's disability status varied over that timespan, but since January 5, 2015, she had been receiving total temporary disability benefits. Claimant's Br. at 9.

[3] The record reveals that Claimant is receiving benefits under the Act of December 8, 1959, P.L. 1718, *as amended*, 61 P.S. § 951, commonly known as Act 534. *See* N.T. Hr'g, 1/6/21, at 6-7. Act 534 benefits "assure those undertaking dangerous employment in certain institutions that they will continue to receive full income when they are injured while performing their duties . . . ." *McWreath v. Dep't of Pub. Welfare*, 26 A.3d 1251, 1255 (Pa. Cmwlth. 2011) (citations omitted). "Act 534 specifically provides that an injured worker may receive workers' compensation benefits simultaneously with Act 534 benefits; however, if that occurs, the Commonwealth is subrogated to the claimant's right for any workers' compensation payments made and is entitled to deduct any payments made directly to the claimant under the [Workers' Compensation Act] from his or her future salary or benefits paid under Act 534." *Polk Ctr./Dep't of Pub. Welfare v. Workmen's Comp. Appeal Bd. (Pochran)*, 682 A.2d 889, 892 (Pa. Cmwlth. 1996) (citation omitted). It would appear that Claimant would still receive her full salary under Act 534 even if her workers' compensation benefits were eliminated. *See generally Lynch v. Commonwealth of Pa. (Workers' Comp. Appeal Bd.)*, 275 A.3d 1130, 1136 (Pa. Cmwlth. 2022).

2

MMI and had a whole-body impairment of 8%. Therefore, the WCJ granted Employer's petition, modifying Claimant's benefits to partial disability status effective October 20, 2020. Claimant appealed to the Board, which affirmed. *See* Bd. Op. & Order, 4/14/22. Claimant then timely petitioned this Court for review.

## II. ISSUE[4]

Claimant contends that the retroactive application of Act 111 violates the Remedies Clause of the Pennsylvania Constitution.[5] *See* Claimant's Br. at 8, 12. According to Claimant, applying Act 111 retroactively allowed Employer a "second chance to litigate" Claimant's disability and impaired her vested right to compensation. *Id.* at 14-15, 18. Claimant also challenges the Board's reliance on *Pierson*. *Id.* at 15.[6]

## III. ANALYSIS

In 2018, the General Assembly passed Act 111, which authorizes the use of an IRE to determine a claimant's disability status.[7] Among its provisions, Section 306(a.3) requires a claimant to submit to an IRE after receiving 104 weeks of total disability compensation. Section 306(a.3) expressly adopted the Sixth

---

[4] In a workers' compensation appeal, our review is limited to determining whether an error of law was committed, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019) (citation omitted).

[5] The Remedies Clause provides that "every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law . . . [.]" Pa. Const. art. I, §11. The Remedies Clause prohibits the enactment of retroactive legislation if its application would extinguish a "vested right." *Konidaris v. Portnoff Law Assocs., Ltd.*, 953 A.2d 1231, 1242 (Pa. 2008).

[6] Employer rejects these claims, asserting that Act 111 is constitutional and applies retroactively. *See* Employer's Br. at 5-6 (citing in support, *inter alia*, *Pierson*).

[7] Prior law governing the IRE process was deemed an unconstitutional delegation of legislative authority. *Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 161 A.3d 827, 841 (Pa. 2017).

Edition of the AMA Guides (second printing April 2009) as the basis for a qualified physician's IRE, and it set the threshold required for a total disability status at 35% whole-body impairment. *Id.*[8] If a claimant's impairment rating is less than 35%, then the claimant shall be considered partially disabled.[9]

Recently, in *Pierson*, this Court determined that Act 111 did not deprive a claimant of a vested right but "simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole[-]body impairment of less than 35%, after receiving 104 weeks of [total temporary disability] benefits." *Pierson*, 252 A.3d at 1179. Further, the General Assembly granted employers/insurers credit for the weeks of disability compensation paid to an injured employer prior to the passage of Act 111. *Rose Corp. v. Workers' Comp. Appeal Bd. (Espada)*, 238 A.3d 551, 561-62 (Pa. Cmwlth. 2020); *see also* Section 3(1) of Act 111 ("[A]n insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph."), Section 3(2) of Act 111 ("[A]n insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph."). Therefore, the employer credit provision was "explicitly given retroactive effect . . . by the General Assembly." *Pierson*, 252 A.3d at 1180.

Our analysis in *Pierson* is dispositive here. Claimant, like the claimant in *Pierson*, sustained her work-related injury before the passage of Act 111. *See*

---

[8] In *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 317 (Pa. Cmwlth. 2019), *aff'd*, (Pa., No. 88 MAP 2019, filed August 18, 2020) (*per curiam*), this Court determined that Section 306(a.3) of the Act does not constitute an unconstitutional delegation of legislative authority because the General Assembly named and adopted a particular set of standards as its own.

[9] A change in disability status does not alter the amount of compensation received by a claimant but limits the receipt of benefits to 500 weeks. *See* Section 306(b) of the Act, 77 P.S. § 512(1).

4

*Pierson*, 252 A.3d at 1171. Employer, like the employer in *Pierson*, sought to modify Claimant's benefits based on an IRE obtained after the Act's effective date. *See id.* at 1172. Claimant, like the claimant in *Pierson*, challenges the retroactivity of the employer credit provision of Act 111 and asserts a vested right in her disability benefits. *See id.* at 1175. Therefore, based on our reasoning in *Pierson*, we reject Claimant's arguments. *Accord Wescoe v. Fedchem, LLC (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1010 C.D. 2021, filed Aug. 16, 2022); *Sochko v. Nat'l Express Transit Serv. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2021, filed Mar. 16, 2022); *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed Feb. 15, 2022); *Dohn v. Beck n' Call (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 103 C.D. 2021, filed Sept. 20, 2021).[10]

Thus, we affirm.

LORI A. DUMAS, Judge

---

[10] We cite *Wescoe*, *Sochko*, *Hender-Moody*, and *Dohn* for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan Motzer,                :
              Petitioner     :
                        :
        v.                :   No. 397 C.D. 2022
                        :
Commonwealth of Pennsylvania   :
(Workers' Compensation Appeal   :
Board),                     :
            Respondent   :

# **O R D E R**

AND NOW, this 29th day of December, 2022, the order of the Workers' Compensation Appeal Board, entered April 14, 2022, is AFFIRMED.

LORI A. DUMAS, Judge