IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Bainbridge,                              :
                                                :
                        Petitioner              :
                                                :
            v.                                  : No. 3 C.D. 2022
                                                : Submitted: July 22, 2022
Commonwealth of Pennsylvania                    :
(Workers' Compensation                          :
Appeal Board),                                  :
                                                :
                        Respondent              :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                 FILED: February 3, 2023

           Ronald Bainbridge (Claimant) petitions for review of the Opinion and
Order of the Workers' Compensation (WC) Appeal Board (Board) affirming the
Decision and Order of a workers' compensation judge (WCJ), which granted the
Petition to Modify Compensation Benefits (Modification Petition) filed by the
Commonwealth of Pennsylvania (Employer) pursuant to the provisions of the
Workers' Compensation Act (WC Act).[1]  We affirm.

           On January 18, 2013, Claimant suffered a work-related cervical and left
shoulder sprain relating to a resident assault during his employment at the North

---

[1] Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

Central Secure Treatment Unit facility. On February 26, 2013, Employer issued a Notice of Temporary Compensation Payable (NTCP) acknowledging Claimant's work-related injury and establishing an average weekly wage of $772.30, with a weekly compensation rate of $514.87. The NTCP also noted that Claimant was receiving salary continuation through Act 534 benefits[2] in lieu of WC benefits. The NTCP converted to a Notice of Compensation Payable (NCP) by operation of law.

---

[2] As this Court has recently explained:

> Act 534, sometimes referred to as Act 632, refers to Section 1 of the Act of December 8, 1959, P.L. 1718, [No. 534,] *as amended*, 61 P.S. §951. The history of Act 534 reveals:
>
> > The Act, as originally enacted, covered only employees of state penal and correctional institutions and was commonly referred to as Act 632. In 1961, the Legislature amended Section 1 of Act 632 and extended benefits to employees of state mental hospitals, youth development centers and county boards of assistance, and employees of the Department [of Human Services] who have been assigned to or have volunteered to join the firefighting force of the Department's institutions. The Act, as amended in 1961, is commonly known as Act 534. Act 534 was repealed by Section 11(d) of the Act of August 11, 2009, P.L. 147, effective October 13, 2009, to the extent that it covered employees of state correctional institutions. Benefits of those employees are now provided in Section 1101 of the Prisons and Parole Code, 61 Pa. C.S. § 1101.
>
> *McWreath v. Department of Public Welfare*, 26 A.3d 1251, 1254 n.2 (Pa. Cmwlth. 2011). Section 1 of Act 534 provides, in relevant part:
>
> > [A]ny employe of a State mental hospital or Youth Development Center under the Department of [Human Services], who is injured during the course of his employment by an act of . . . any person

**(Footnote continued on next page…)**

On January 10, 2017, a WCJ issued a Decision and Order granting Claimant's Petition to Review to amend the description of his work-related injury in the NCP. As a result, Claimant's injury was amended to include a herniated disc at C6-7 and a bulging disc at C5-6 precipitating surgery to Claimant's neck. The injury was also amended to include a traumatic brain injury in the nature of a mild injury

confined in such institution or by any person who has been committed to such institution by any court of the Commonwealth of Pennsylvania or by any provision of the [Mental Health Procedures Act, Act of July 9, 1976, P.L. 814, *as amended*, 50 P.S. §§7101-7503 ("Mental Health Act")] . . . shall be paid, by the Commonwealth of Pennsylvania, his full salary, until the disability arising therefrom no longer prevents his return as an employe of such department . . . or institution at a salary equal to that earned by him at the time of his injury.

All medical and hospital expenses incurred in connection with any such injury shall be paid by the Commonwealth of Pennsylvania until the disability arising from such injury no longer prevents his return as an employe of such department . . . or institution at a salary equal to that earned by him at the time of his injury.

During the time salary for such disability shall be paid by the Commonwealth of Pennsylvania any workmen's compensation received or collected for such period shall be turned over to the Commonwealth and paid into the General Fund, and if such payment shall not be so made, the amount so due the Commonwealth shall be deducted from any salary then or thereafter becoming due and owing[.]

61 P.S. §951.

*Lynch v. Commonwealth (Workers' Compensation Appeal Board)*, 275 A.3d 1130, 1132 n.2 (Pa. Cmwlth. 2022).

3

to the left hemisphere of his brain with mild neurocognitive impairment in the nature of mild to moderate deficits of attention and concentration and generalized cognitive inefficiency. The WCJ's Decision and Order also awarded specific loss benefits.

On November 13, 2020, Employer filed the Modification Petition alleging that Claimant has a whole-person impairment of 16% under the Sixth Edition of the American Medical Association (AMA) Guides to the Evaluation of Permanent Impairment (Guides), which is less than the 35% threshold under Act 111,[3] after attending an Impairment Rating Evaluation (IRE) by William Prebola, M.D. *See* Certified Record (CR) Docket Entry No. 2. A hearing on Employer's Modification Petition ensued.

At the hearing, Employer submitted Dr. Prebola's November 4, 2020 IRE report into evidence. *See* CR Docket Entry No. 13. The IRE report states that Dr. Prebola performed the IRE under the Sixth Edition of the AMA Guides, and, in his opinion, Claimant had reached maximum medical improvement at the time of

---

[3] "Act 111" refers to the Act of October 24, 2018, P.L. 714, No. 111, which added Section 306(a.3) to the WC Act, 77 P.S. §511.3. As we have also recently explained:

> Act 111 repealed Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. §511.2, and added Section 306(a.3) of the WC Act. Section 306(a.3)(1) of the WC Act provides that a claimant who has received total disability benefits for 104 weeks must submit to an IRE conducted pursuant to the [AMA] "Guides to the Evaluation of Permanent Impairment," Sixth Edition (second printing April 2009) (Sixth Edition of the AMA Guides), which calculates the claimant's degree of impairment due to the compensable injury. 77 P.S. §511.3(1). If a claimant's whole-body impairment rating is less than 35%, the claimant shall receive partial disability benefits pursuant to Section 306(a.3)(2) of the WC Act, 77 P.S. §511.3(2)

*Lynch*, 275 A.3d at 1132 n.1.

4

the IRE.  *See id.*  Dr. Prebola also determined that Claimant has a 16% whole-person impairment.  *See id.*

On April 16, 2021, the WCJ issued a Decision and Order in which she found:  "Dr. Prebola's opinions are credible, logical, internally consistent, and persuasive.  They were supported by his findings during the examination and were not refuted as Claimant did not testify or offer any medical evidence."  CR Docket Entry No. 4 at 4.  The WCJ also reached the following relevant conclusions:

> 2. On this [Modification Petition] based upon an IRE, [] Employer bears the burden of proving that Claimant has reached maximum medical improvement and has a whole[-]person impairment rating of less than 35% under the [Sixth Edition of the AMA Guides].  Herein, [] Employer has carried the burden of proof.
>
> 3. Dr. Prebola's opinions are competent and unequivocal medical evidence.
>
> 4. The [WCJ] accepts and adopts Dr. Prebola's opinions that, at the time of the [IRE], Claimant had reached maximum medical improvement and had a whole[-]person impairment rating of 16%.  Those opinions were unrefuted.

*Id.* at 4-5.  Accordingly, the WCJ issued an order granting Employer's Modification Petition, and modifying Claimant's benefit status from total disability to partial disability effective November 4, 2020.  *Id.* at 6.

Claimant appealed the WCJ's Decision and Order to the Board, arguing that the WCJ erred in granting the Modification Petition because he had not received 104 weeks of total disability benefits at the time of the IRE as required by the WC Act.  *See* CR Docket Entry No. 7 at 2.  Specifically, Claimant asserted that he did not receive total disability WC benefits for the required 104 weeks because he had received Act 534 benefits for that period of time.  *See id.*

5

The Board rejected Claimant's assertion stating, in pertinent part:

> Act 534 benefits are intended to supplement, not replace [WC] benefits. The receipt of benefits under Act 534 and the [WC] Act are not mutually exclusive as Act 534 provides that an injured worker may receive [WC] benefits simultaneously with Act 534 benefits. [Employer] is, however, subrogated to [C]laimant's right for any [WC benefit] payments made and is entitled to deduct payments made directly to [C]laimant from future salary or benefits paid under Act 534. Neither the [WC] Act nor Act 534 prevents employers from initiating proceedings under the [WC] Act before, after, or simultaneously with Act 534 proceedings. [Employer] acknowledged Claimant's work injury and entitlement to [WC] benefits . . . . The fact that [Employer] may be subrogated to Claimant's right to [WC benefit] payments does not mean that he has not received [WC] benefits for purposes of the [WC] Act's provisions.

CR Docket Entry No. 7 at 4-5 (citations omitted). Accordingly, the Board issued an order affirming the WCJ's Decision and Order. *Id.* at 6.

Claimant then filed the instant appeal of the Board's order[4] again arguing that he did not receive the required 104 weeks of total disability WC benefits under the WC Act for Employer to invoke the IRE modification provisions because he had received Act 534 benefits for that period of time. However, we have recently rejected Claimant's assertion, and specifically held that his receipt of Act 534 benefits constitutes the receipt of total disability WC benefits under Section 306(a)[5] and (a.3) of the WC Act, thereby triggering the IRE process under which Employer

---

[4] "Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. As to questions of law, our standard of review is de novo and our scope of review is plenary." *Lynch*, 275 A.3d at 1135 n.7 (citations omitted).

[5] 77 P.S. §511.

6

could seek the modification of his WC benefits. *See Lynch v. Commonwealth (Workers' Compensation Appeal Board)*, 275 A.3d 1130, 1136-38 (Pa. Cmwlth. 2022). As a result, we will affirm the Board's order on the basis of our analysis and holding in *Lynch*. *See id.*

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Bainbridge, :
:
                Petitioner :
:
        v. : No. 3 C.D. 2022
:
Commonwealth of Pennsylvania :
(Workers' Compensation :
Appeal Board), :
:
             Respondent :

# **O R D E R**

AND NOW, this 3rd day of February, 2023, the December 22, 2021 order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge